UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OTIS GORDON,

               Plaintiff,

      v.                                                  Case No. 23-cv-418-bhl

JACOB ROYSTON,

               Defendant.

---

## SCREENING ORDER

---

Plaintiff Otis Gordon, who is currently serving a state prison sentence at the Oakhill Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Gordon's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Gordon requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Gordon has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $6.09. The Court will grant Gordon's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

On April 20, 2022, Defendant Police Officer Jacob Royston, along with his partner Police Officer Jed Martin (not a defendant) detained Gordon on suspicion of a hit and run and fourth OWI. Dkt. No. 1 at 2. They took Gordon to the St. Agnes Hospital for "OWI processing," which

2

included a blood draw to determine his blood alcohol content. *Id*.; *see also Gordon v. Martin*, case no. 23-cv-427-bhl, Dkt. No. 1. While at the hospital, Gordon asked to use the bathroom. Dkt. No. 1 at 2-3. Royston agreed but took the body camera off of his vest and followed him into the bathroom. *Id*. at 3. Royston then videotaped Gordon using the bathroom, including recording his penis, genitals, and buttocks without consent. *Id*. For relief, Gordon seeks monetary damages. *Id*. at 4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Gordon asks to proceed on a Fourteenth Amendment due process claim against Royston. Dkt. No. 1 at 3. Under the Fourteenth Amendment, the concept of "ordered liberty" includes "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977). Substantive due process protects "the right to the privacy of medical, sexual, financial, and perhaps other categories of highly personal information—information that most people are reluctant to disclose to strangers." *Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010). But this right has been historically limited to matters involving marriage, family, and procreation, and "[a]s a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decision-making in this unchartered area are scarce and open-ended." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Court will dismiss Gordon's Fourteenth Amendment due process claim. As noted above, the right to substantive due process is narrowly limited, and there is no legal authority suggesting that it would apply under the circumstances of this case. Moreover, Gordon has not

3

alleged that Royston "disseminated" any information, and, absent such conduct, a police officer's mere recording of a suspect following an arrest does not violate the suspect's due process or privacy rights. *See e.g. Ortiz v. Renteria*, No. 21 C 3378, 2022 WL 3290681, at *1 (N.D. Ill. Aug. 11, 2022) (granting a motion to dismiss where Plaintiff alleged that Defendants violated his Fourteenth Amendment substantive due process rights by disseminating on Snapchat and other social media sites pictures of his severed body parts from inside an ambulance.) Royston's conduct might arguably violate Wisconsin state law, which prohibits "[k]nowingly…us[ing] a surveillance device to observe in a private place, with the intent to observe any nude or partially nude person without the consent of the person observed," and renders such conduct a Class A misdemeanor. Wis. Stat. §§ 942.08(2)(a). But state law violations do not implicate a federal substantive due process violation.

Gordon, however, does have a claim under the Fourth Amendment. The Fourth Amendment guards the right of the people to be secure in their persons against unreasonable searches. *Mitchell v. Wisconsin,* 139 S. Ct. 2525, 2534 (2019). Observation is a form of search. *Johnson v. Phelan*, 69 F.3d 144, 145 (7th Cir. 1995) (overruled on other grounds). Reasonableness is generally assessed by carefully weighing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion. *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1546 (2017). Determining whether a search is "reasonable" is a highly fact-intensive and context-dependent inquiry and is generally improper at screening or on a motion to dismiss. *See e.g. Adair v. Town of Cicero*, No. 18 C 3526, 2018 WL 5112949, at *3 (N.D. Ill. Oct. 19, 2018).

Gordon alleges that Royston videotaped him using the hospital bathroom, including recording his penis, genitals, and buttocks, for no legitimate reason. Gordon alleges that he was taken to the hospital for OWI processing, which included a blood draw that would have provided his blood alcohol content for purposes of his suspected OWI. Based on these allegations, it's

4

unclear why Royston needed to videotape Gordon using the hospital bathroom when the blood draw he was there for would have provided relevant information in connection with the OWI. Further factual development of the record is required to resolve whether Royston's conduct was unreasonable. But, at this stage of the litigation, the Court can reasonably infer that Royston may have conducted an unreasonable search under the Fourth Amendment. Accordingly, Gordon may proceed on a Fourth Amendment claim that Royston conducted an unreasonable search on April 20, 2022 by videotaping Gordon's use of the hospital bathroom, including recording his penis, genitals, and buttocks.

## Conclusion

The Court finds that Plaintiff may proceed on a Fourth Amendment claim that Royston conducted an unreasonable search on April 20, 2022 by videotaping Gordon's use of the hospital bathroom, including recording his penis, genitals, and buttocks.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Royston pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Royston shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the City Attorney for the City of Fond du Lac.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$343.91** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

6

Case 2:23-cv-00418-BHL   Filed 05/30/23   Page 6 of 7   Document 7

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on May 30, 2023.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge