UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OTIS GORDON,

    Plaintiff,

v.                                                                                                                                                    Case No. 23-CV-418

JED MARTIN,

    Defendant.

OTIS GORDON,

    Plaintiff,

v.                                                                                                                                                       Case No. 23-CV-427

JACOB ROYSTON,

    Defendant.

## ORDER

On February 21, 2024, *pro se* plaintiff Otis Gordon filed a motion to compel deposition transcripts. On April 3, 2024, he filed a motion for sanctions against the defendants for failing to timely respond to his motion for summary judgment. (ECF No. 59.) On April 4, 2024, the defendants filed a motion to seal a certain exhibit they submitted in support of their summary judgment motion. (ECF No. 65.) This order resolves these motions.

## MOTION TO COMPEL DEPOSITION TRANSCRIPTS (ECF NO. 45)

The plaintiff has filed a motion seeking an order compelling the defendants to provide a copy of his deposition transcript from his deposition taken on December 15, 2023. The defendants respond that it is not their obligation to provide a free copy of the transcript, which would require them to pay the court reporter for that copy. The plaintiff clarifies in his later-filed summary judgment motion that he does not need a "free copy" of the deposition but merely wants to exert his right to "review the transcript" under Fed. R. Civ. P. 30(e)(1)(A). Even if true, however, that is no business of the defendants' because it is not "their" transcript that the plaintiff may have the right to review. Court reporters are entitled to charge a reasonable fee to transcribe hearings and depositions. They make money by selling copies of their transcript. It so happens that the defendants apparently purchased a copy. That's theirs. If the plaintiff has a right to review the transcript, under Rule 30(e)(1), he may arrange that with the court reporter. But the reporter is under no obligation to provide him a free copy. "Maintaining the original transcript in her office and not sending copies protects the court reporter's entitlement to 'reasonable charges' for providing a copy of the transcript 'to any party or the deponent,' pursuant to Rule 30(f)(3)." *Parkland Venture, LLC v. City of Muskego,* 270 F.R.D. 439, 441 (E.D. Wis. 2010). The motion to compel is therefore denied.

## MOTION FOR SANCTIONS (ECF NO. 59)

Gordon states that the defendants did not timely respond to his motion for summary judgment because they did not respond within 30 days after he filed his motion. However, on February 21, 2024, the defendants filed a motion requesting permission to file a combined response brief to Gordon's summary judgment motion as well as their own summary judgment motion. (ECF No. 51.) On February 23, 2024, the court granted the defendants' motion via a text only order, giving them until April 4, 2024, to file both a response to Gordon's motion and their own motion. As such, Gordon's motion for sanctions is denied.

## MOTION TO SEAL (ECF NO. 61)

On April 4, 2024, the defendants, as part of their summary judgment materials, filed a motion to seal exhibit A of the affidavit of Jacob Royston. The exhibit is a recording from Royston's body camera and at one point in the video, Gordon's genitalia are captured in the recording. "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strong prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Restricting documents is appropriate where "a plaintiff's interest in privacy outweighs the probative value of the information contained in the records." *Mathhews v. Waukesha Cty*, 2012 WL 695669 at *12 (E.D. Wis. March 1, 2012) (citing *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006)).

Here, given the nature of the recording, the court finds cause to grant the defendants' motion. However, instead of sealing the exhibit, which would render it

3

unavailable to everyone, including the parties, the court will restrict it to the parties' counsel and relevant court personnel.

**IT IS THEREFORE ORDERED** that the motion to compel (ECF No. 45) is **DENIED**.

**IT IS THEREFORE ORDERED** that Gordon's motion for sanctions (ECF No. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to seal ECF No. 61) is **GRANTED in part and DENIED in part**. The court will not seal the exhibit, but instead will restrict it as described above.

The court will address the defendants' motion to compel (ECF No. 46) if the defendants' pending motion for summary judgment does not resolve this action.

Dated in Milwaukee, Wisconsin this 13th day of June, 2024.

STEPHEN DRIES
United States Magistrate Judge