UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OTIS GORDON,

    Plaintiff,

v.                                                                                                                     Case No. 23-CV-418

JED MARTIN,

    Defendant.

---

OTIS GORDON,

    Plaintiff,

v.                                                                                                                      Case No. 23-CV-427

JACOB ROYSTON,

    Defendant.

---

## ORDER

On February 13, 2024, *pro se* plaintiff Otis Gordon filed a motion for summary judgment on the merits. (ECF No. 39.) This motion is fully briefed. On April 4, 2024, the defendants filed a motion for summary judgment on the merits. (ECF No. 61.) Pursuant to Civil Local Rule 15(b)(2), and a Notice an Order issued by the court on April 5, 2024, Gordon had until May 4, 2024, to respond to the defendants' motion for summary judgment. (ECF No. 70.) The court cautioned Gordon that if he failed to respond to the summary judgment motion, the court would accept all facts asserted

by the defendants as true and likely grant their motion. On May 2, 2024, Gordon filed a motion to stay the case because he was being released on June 18, 2024. (ECF No. 75.) In a text only order dated May 3, 2024, the court declined to stay the case, but did extend the deadline for Gordon to respond to the defendants' summary judgment motion to August 5, 2024. On June 26, 2024, the court attempted to mail an order to Gordon, and it was returned as undeliverable. (ECF No. 77.) Gordon has not updated his address with the court, which according to the court's screening order and scheduling order may be a basis for dismissal on its own.

To date, the court has not heard from Gordon. As to Gordon's motion for summary judgment, after reviewing Gordon's brief in support and the defendants' brief in response, no reasonable factfinder could conclude that as a matter of law, the defendants' violated Gordon's Fourth Amendment rights. Gordon's motion for summary judgment is denied.

Because Gordon did not respond to the defendants' motion for summary judgment, the court will construe it as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment on the merits. Based on the undisputed facts, it is clear that the defendants, as a matter of law, did not violate Gordon's Fourth Amendment rights during his arrest for driving erratically. Accordingly, the case is dismissed. Because the case is dismissed, the defendants' pending motion to compel (ECF No. 46) is denied as moot.

**IT IS THEREFORE ORDERED** that Gordon's motion for summary judgment (ECF No. 39) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (ECF No. 61) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion to compel (ECF No. 46) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of August, 2024.

STEPHEN DRIES
United States Magistrate Judge